UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

Case # 0645 2:18CR20128 (9)
Case # 0645 2:17CR20632 (5)
Hon. Stephen J. Murphy, III

-vs-

WILLIAM PHILLIPS,

    Defendant-Petitioner.

**MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Now Comes William Phillips, Defendant-Petitioner, by and through his attorney, Michael Skinner, and pursuant to 28 U.S.C § 2255, petitions this Court for a writ of habeas corpus in this matter for the following reasons:

Mr. Phillips was convicted by plea in this Court, the Honorable Stephen J. Murphy, III presiding, of one count of 18 U.S.C. § 2252A(g) (Child Exploitation Enterprise) in each case number. This Court sentenced Mr. Phillips to 396 months' in prison and associated penalties.

A Judgment was entered on July 19, 2018.

Following his conviction, Mr. Phillips spoke with his appointed attorney, Lisa Dwyer, regarding his desire to file an appeal, but Ms. Dwyer failed to file a notice of appeal within the prescribed time (or at all).

Mr. Phillips was denied the effective assistance of counsel and his right to an appeal of his conviction and sentence by Ms. Dwyer's failure to file a timely notice of appeal.

There is not currently another action attacking this conviction: Mr. Phillips has filed no other action attacking this conviction.

Wherefore, Mr. Phillips prays this Court for an order granting this Petition, a new sentencing hearing, and for such other relief as equity and justice require, including an opportunity to expand the record, an evidentiary hearing (Rule 8), and oral argument on the petition.

        Respectfully submitted,

        <u>s/ Michael Skinner</u>
        Michael Skinner (P62564)
        Law Offices of Michael Skinner
        27 E. Flint Street
        Lake Orion, Michigan 48362
        (248) 693-4100
        mskinner@mskinner.com
        *Attorney for Petitioner*

Dated: July 28, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,             Case # 0645 2:18CR20128 (9)
                                                               Case # 0645 2:17CR20632 (5)
                                                               Hon. Stephen J. Murphy, III

-vs-

WILLIAM PHILLIPS,

       Defendant-Petitioner.

**BRIEF IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

### I. GENERAL ALLEGATIONS.

Pursuant to Rule 1 of the Rules Governing Section 2255 Cases, Mr. Phillips is a person subject to unlawful detention and future custody caused by a judgment of the United States District Court, Eastern District of Michigan. Mr. Phillips respectfully requests that this Honorable Court vacate the sentence imposed against him for the reasons described below.

Mr. Phillips's previous counsel, Lisa Dwyer, failed to argue numerous mitigating factors, specifically the extent of Mr. Phillips's substantial assistance justifying a reduced sentence.

In addition, Ms. Dwyer failed to file a notice of appeal following Mr. Phillips's sentencing, despite Mr. Phillips's instruction that he desired to appeal the sentence imposed, *see Roe v. Flores-Ortega,* 520 U.S. 470 (2000) and *Rodriguez v. United States,* 395 U.S. 327, 329-30 (1969), and despite that reasonable advocacy under the Sixth Amendment required that a notice of appeal be filed.

The sentence imposed by this Court was contrary to clearly established federal law and the United States Constitution as interpreted by the United States Supreme Court and it must be vacated. "[T]he petitioner [has been subjected to] an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 506 U.S. 619, 637-38 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

## II. CASE HISTORY.

Section C of the Rule 11 Agreement sets forth the factual basis for Mr. Phillips's plea of guilty.

Mr. Phillips pled guilty according to the Agreement on December 21, 2017.

While the Rule 11 Agreement waives Mr. Phillips's right to appeal "[i]f the sentence imposed does not exceed the maximum recommendation," U.S. Supreme Court law protects a defendant's right to have his attorney file a notice of appeal despite a waiver of appellate rights in a plea agreement.

Mr. Phillips will testify that he discussed with and expected and instructed Ms. Dwyer to file a notice of appeal and attack various aspects of his sentence.

A notice of appeal was never filed.

Undersigned counsel contacted Ms. Dwyer prior to filing this Petition, requesting her position regarding the filing of a notice of appeal, and Ms. Dwyer declined to discuss the issue with counsel.

### III. STANDARDS OF REVIEW.

A motion to vacate, set aside or correct a sentence imposed in a case arising out of a conviction in federal court is governed by 28 U.S.C. § 2255. Pursuant to that statute,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To succeed on a § 2255 motion claiming constitutional error, "the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Brecht v. Abrahamson,* 506 U.S. 619, 637-38 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999). If the error is non-constitutional, the petitioner must show that a fundamental defect inherently resulted in a complete miscarriage of justice or an error so egregious that due process has been violated. *Hill v. United States,* 368 U.S. 424 (1962); *see also Watson,* 165 F.3d at 488; *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir. 1990).[7]

## IV. JURISDICTIONAL REQUIRMENTS:

Mr. Phillips shows cause and actual prejudice necessary for this Court to hear his claims under 28 U.S.C. § 2255. Ms. Dwyer was instructed to file a notice of appeal and failed to do so. This is a *per se* constitutional violation.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas if the defendant can first demonstrate 'cause' and 'actual' prejudice." *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *Napier v. United States,* 159 F.3d 956 (6th Cir. 1998). Ms. Dwyer was expected and instructed to file a notice of appeal on Mr. Phillips's behalf. Accordingly, Mr. Phillips's failure to raise claims on direct review and his resultant procedural default were the fruits of counsel's ineffective assistance. Mr. Phillips thus establishes the cause necessary to proceed with his § 2255 motion to vacate. *See generally Roe v. Flores-Ortega,* 528 U.S. 470 (2000).

**V. Mr. Phillips's sentence was not consistent with the substantial assistance he provided, in part because Ms. Dwyer did not inform this Court of the full scope of his assistance.**

*In Koon v. United States,* 518 U.S. 81, 109 (1996), the United States Supreme Court held that unless the guidelines specifically prohibit downward departure, a sentencing court must consider whether the facts of the case warrant downward departure. "The goal of the Sentencing Guidelines is, of course, to reduce unjustified disparities and so reach towards the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice." *Id.* at 113. The USSG allow the court to "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id.; see also United States v. Daas,* 198 F.3d 1167, 1181 (9th Cir. 1999) ("[A] central goal of the Sentencing Guidelines is to eliminate sentencing disparity.").[11] In *United States v. Coleman,* 188 F.3d 354, 358 (6th Cir. 1999), the Sixth Circuit held, "There are a potentially infinite number of factors which may warrant a departure. *Koon* makes clear that a court may not categorically exclude the consideration of any one factor, and that to do so would be a transgression of the policymaking authority vested in the Commission." Further, in *Coleman,* the court, relying on Supreme Court and other Circuit Court authority, held that a sentencing court may base a departure "on an aggregation of factors, each of which may be insufficient to justify a departure in and of itself." *Id.* at 361.

Petitioner's case warranted a more substantial downward departure on numerous individual grounds, especially Mr. Phillips's assistance. A full account of Petitioner's mitigating factors, if raised by counsel, should have resulted in a substantially less severe sentence. It was ineffective assistance of counsel to fully advocate for Petitioner.

**VI.  Counsel's failure to file a notice of appeal on Petitioner's behalf was *per se* ineffective assistance in violation of Petitioner's Sixth Amendment right to counsel under the United States Constitution.**

In *Rodriguez v. United States,* 395 U.S. 327, 329-30 (1969), the Court held that "when counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit." In *Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir. 1998), the court held that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment."

Mr. Phillips requested that Ms. Dwyer file a notice of appeal and challenge the sentence imposed. Counsel failed to do so. Pursuant to *Rodriguez* and *Ludwig,* the merit of such an appeal are immaterial to the constitutional violation. The failure to file the Notice of Appeal is a *per se* constitutional violation, and the remedy is a resentencing and subsequent appeal. The ineffective assistance of counsel is established by counsel's bare failure to file a timely notice of appeal. Mr. Phillips is entitled to relief and his sentence must be vacated, or, in the alternative, an evidentiary hearing held.

In *Flores-Ortega,* the Court noted that where counsel fails to file a notice of appeal, the "case is unusual in that counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Flores-Ortega,* 528 U.S. at 483. "The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice." *Id.* In *Rodriguez,* the Court held that if a defendant expresses a clear intent to file an appeal, Counsel is presumably ineffective if he fails to file an appeal on the defendant's behalf. *Rodriguez,* 395 U.S. at 329-30.

Mr. Phillips's case falls directly in line with precedent. Petitioner invoked his statutory

right to an appeal and communicated his desire to Counsel; Counsel failed to follow through. Petitioner was denied the entire appellate process, warranting a presumption of actual prejudice. *Flores-Ortega,* 528 U.S at 478; *Rodriguez,* 395 U.S. at 32930.

In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Court explained that in situations where an appeal was not expressly requested, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Flores-Ortega,* 528 U.S. at 484. In *Flores-Ortega,* the Supreme Court extensively analyzed *Strickland's* application to cases where counsel fails to file a notice of appeal following a client's conviction. The Court held that counsel's failure to file a notice of appeal, without the defendant's consent, was not *per se* deficient. *Id.* at 476-78. In other words, there is a distinction between a failure to file contrary to a client's expectation (*per se* violation) and the failure to file without defendant's consent (not *per se*). The Court noted that typically, judges must decide the reasonableness of counsel's performance on the facts of each case. Ultimately, the Court held,

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal be not taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with defendant about an appeal.... If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

*Id.* at 478 (citations omitted).

The Court instructed that the best practice is for counsel to consult with the defendant regarding any possible appeal issues. Indeed, according to the Court, counsel has a

constitutionally-imposed duty to consult with the defendant when: (1) there is reason to believe that a rational defendant would wish to appeal, or (2) the particular defendant reasonably demonstrated an interest in appealing. *Id.* at 480. Further, in making this determination, "[C]ourts must take into account all the information counsel knew or should have known." *Id.*

Ms. Dwyer consulted with Mr. Phillips regarding the filing of an appeal. Indeed, as a result of the consultation, Mr. Phillips expected and instructed Ms. Dwyer to file a notice of appeal. Counsel thus performed in a professionally unreasonable manner by failing to follow Petitioner's instructions. *Flores-Ortega,* 528 U.S. at 478. Should this Court find that no such consultation occurred between Ms. Dwyer and Mr. Phillips, a finding of deficiency is still warranted. Counsel has a constitutionally-imposed duty to consult with her client when *"there is reason to believe that a rational defendant would wish to appeal." Id.* at 480.

Counsel had reason to believe that Petitioner, a rational defendant, would want to appeal. First, by expressly communicating his desire to counsel of his wish to appeal the sentence imposed, Petitioner more than reasonably expressed an interest in appealing his sentence. *Id.* In addition, Mr. Phillips was sentenced to a lengthy 396 months. This sentence was three years *more* than the Government requested in exchange for Mr. Phillips's substantial assistance. Ms. Dwyer should have known that Mr. Phillips would want to appeal such a sentence. Further, this Court was uninformed about the full scope of Mr. Phillips's assistance to the Government and, if this Court had that information, it would have imposed a lesser sentence.

## VII. CONCLUSION.

Petitioner has "establish[ed] an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Brecht v. Abrahamson,* 506 U.S. 619, 637-38 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999). Further, Petitioner "[has] show[n] that a fundamental defect has inherently resulted in a complete miscarriage of justice or an error so egregious that due process has been violated." *Hill v. United States,* 368 U.S. 424 (1962); *see also United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir. 1990); *Watson,* 165 F.3d at 488. Pursuant to this authority and the remedy as provided in 28 U.S.C. § 2255, Petitioner prays this Court for an order granting this Petition, a new sentencing hearing, and for such other relief as equity and justice require, including an opportunity to expand the record, an evidentiary hearing (Rule 8), and oral argument on the Petition.

Respectfully submitted,

s/ Michael Skinner
Michael Skinner (P62564)
Law Offices of Michael Skinner
27 E. Flint Street
Lake Orion, Michigan 48362
(248) 693-4100
mskinner@mskinner.com
*Attorney for Petitioner*

Dated: July 28, 2019