UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

WILLIAM T. PHILLIPS,

               Defendant.

_____/

Case No. 2:18-cr-20128-9

HONORABLE STEPHEN J. MURPHY, III

## <u>ORDER DENYING DEFENDANT'S REQUESTS [165, 167, 169–171]</u>

On July 18, 2018, the Court sentenced Defendant William T. Phillips to 396

months' imprisonment after he pleaded guilty to one count of child exploitation

enterprise in violation of 18 U.S.C. § 2252A(g). *See* ECF 79, PgID 1003–04. On

March 2, 2018, Lisa L. Dwyer entered an appearance on behalf of Defendant

Phillips. ECF 26. The docket also reflects that Michael Skinner is an attorney of

record for Defendant Phillips. *See also* ECF 173 (motion filed by Mr. Skinner). But

from May through July 2019, Phillips filed several pro se motions in the case. ECF

165, 167, 169—171.

"Although the Sixth Amendment guarantees defendants the right to conduct

their own defense and even represent themselves, the right of self-representation

does not include the right to proceed in a hybrid manner" through both "counsel and

*pro se*" motions. *United States v. Dehar*, No. 07-20558, 2008 WL 4937855, at *1 (E.D.

Mich. Nov. 14, 2008) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) and

*United States v. Mosley*, 810 F.2d 93, 97–98 (6th Cir. 1987)) (internal citation

omitted). The Court will therefore deny the pro se motions and instructs Phillips that he should seek relief from the Court through one of his attorneys, Mr. Skinner or Ms. Dwyer. *See id.*

One of Phillips's motions requests that the Court seal his plea hearing and sentencing hearing transcripts, pending the redaction of the transcripts. ECF 169 (under seal). There is no plea hearing transcript on the docket. The Court will deny the motion because it was filed improperly. As to the sentencing hearing transcript, however, a seal placed only until the transcript can be appropriately redacted is "narrowly tailored" to the "compelling reason" of protecting Phillips's safety and does not undermine the public's interest in the transcript. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). The Court will therefore seal the sentencing hearing transcript until it is appropriately redacted.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's request for disclosure of information regarding defense counsel conflicts [165] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for copies of CJA vouchers [167] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request to seal [169] (under seal) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for restitution accounting [170] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's notice of joinder in requst [sic] correct judgment/sentence [171] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **SEAL** the transcript of Defendant Phillips's sentencing hearing [82] until further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff United States of America and Defendant Phillips, by and through his counsel, Mr. Skinner, shall **SUBMIT** a joint status report no later than **August 9, 2019**, explaining who is responsible for requesting the relevant redactions to the transcript.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager