<u>NOT RECOMMENDED FOR PUBLICATION</u>

Nos. 22-1742/1743

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
May 25, 2023
DEBORAH S. HUNT, Clerk
```

| | |
|---|---|
| WILLIAM T. PHILLIPS, | ) |
|     Petitioner-Appellant, | ) ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR ) THE EASTERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) MICHIGAN ) |
|     Respondent-Appellee. | ) |

<u>O R D E R</u>

Before: GUY, KETHLEDGE, and BUSH, Circuit Judges.

William T. Phillips, a federal prisoner proceeding through counsel, appeals the district court's judgments in two different cases denying his identical motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). As set forth below, we **AFFIRM** the district court's judgments.

Phillips pleaded guilty in two different cases to engaging in a child-exploitation enterprise, in violation of 18 U.S.C. § 2252A(g). As part of his plea agreement in each case, Phillips waived his right to appeal his conviction and, with limited exceptions, his sentence. The district court sentenced Phillips to concurrent terms of 396 months of imprisonment and five years of supervised release. Phillips did not appeal.

Phillips, through appointed counsel, filed identical § 2255 motions to vacate in his two cases, claiming ineffective assistance of counsel. Phillips asserted in relevant part that his trial counsel, Lisa Dwyer, failed to file a notice of appeal despite his request to appeal his sentence. In

response to Phillips's § 2255 motions, the government submitted Dwyer's declaration, stating that neither Phillips nor anyone acting on his behalf asked her to file a notice of appeal.

After the district court scheduled an evidentiary hearing on Phillips's § 2255 motions, his counsel filed a motion to withdraw. The district court granted counsel's motion and adjourned the evidentiary hearing for two months to allow Phillips to retain new counsel.

In the meantime, the district court received a handwritten document from Phillips entitled, "Request for Clarification, Help and Information Regarding Upcoming Evidentiary Hearing." The district court construed Phillips's pro se filing as withdrawing his § 2255 motions, ordered those motions to be deemed withdrawn, cancelled the scheduled evidentiary hearing, and ordered the clerk to close the corresponding civil cases. Another attorney filed an appearance on Phillips's behalf and filed motions for reconsideration, which the district court denied as untimely under Local Rule 7.1(h)(1).

Phillips appealed. After we granted a certificate of appealability, *see Phillips v. United States*, Nos. 21-1374/1375 (6th Cir. Jan. 6, 2022), the parties filed joint motions to remand, agreeing that Phillips's pro se filing should not have been construed as withdrawing his § 2255 motions and that his motions for reconsideration should have been treated as timely motions under Federal Rule of Civil Procedure 59(e). We granted the parties' joint motions to remand, vacated the district court's orders deeming Phillips's § 2255 motions to have been withdrawn and denying his motions for reconsideration, and remanded for "further proceedings." *Phillips v. United States*, Nos. 21-1374/1375 (6th Cir. May 20, 2022).

On remand, the district court denied Phillips's § 2255 motions without an evidentiary hearing. These consolidated appeals followed. We granted a certificate of appealability as to Phillips's claim that his trial counsel provided ineffective assistance by failing to file a notice of appeal, determining that reasonable jurists could debate whether the factual allegations in his § 2255 motions about instructing his trial counsel to file a notice of appeal were sufficient to warrant an evidentiary hearing and whether the district court erred in denying his ineffective-assistance claim without one. *Phillips v. United States*, Nos. 22-1742/1743 (6th Cir. Dec. 20, 2022).

We review the district court's denial of a § 2255 motion de novo while reviewing the district court's factual findings for clear error. *United States v. Wingate*, 969 F.3d 251, 255 (6th Cir. 2020) (citation omitted). And we review the district court's failure to conduct an evidentiary hearing on a § 2255 motion for an abuse of discretion. *Martin v. United States*, 889 F.3d 827, 831 (6th Cir. 2018) (citation omitted).

"An evidentiary hearing 'is required unless the record conclusively shows that the petitioner is entitled to no relief.'" *Id*. at 832 (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see* 28 U.S.C. § 2255(b). To warrant an evidentiary hearing, a petitioner must "meet[] a standard analogous to the summary-judgment test by creating a legitimate dispute over a legally important fact." *Wallace v. United States*, 43 F.4th 595, 607 (6th Cir. 2022) (citation omitted). The burden "for establishing an entitlement to an evidentiary hearing is relatively light," *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999), but that burden is not satisfied "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact,'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

In his § 2255 motions, Phillips claimed that Dwyer's failure to file a notice of appeal despite his request to appeal his sentence constituted per se ineffective assistance. To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If counsel fails to file a notice of appeal that a defendant has requested, prejudice is presumed, even when the defendant's plea agreement, like Phillips's, includes an appeal waiver. *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019).

Phillips requested an evidentiary hearing on his § 2255 motions, asserting that he would "testify that he discussed with and expected and instructed Ms. Dwyer to file a notice of appeal and attack various aspects of his sentence." Phillips did not sign his § 2255 motions under penalty

of perjury, *see* Rule 2(b)(5), Rules Governing § 2255 Proceedings, nor did he submit an affidavit or declaration in support of his motions. In response to Phillips's § 2255 motions, the government submitted Dwyer's declaration, stating that neither Phillips nor anyone acting on his behalf asked her to file a notice of appeal.

In declining to conduct an evidentiary hearing on remand, the district court pointed out that Phillips had not submitted a signed declaration to counter Dwyer's declaration and concluded that his counsel's assertions in the § 2255 motions and his own unsworn allegations in his pro se filing were insufficient to create a factual dispute warranting an evidentiary hearing. Given that Phillips did not submit any evidence in support of his ineffective-assistance claim and that his unsworn allegations were contradicted by evidence in the record (Dwyer's declaration), the district court did not abuse its discretion in declining to conduct an evidentiary hearing. *See Valenzuela v. United States*, 217 F. App'x 486, 490-91 (6th Cir. 2007).

Phillips argues on appeal that the district court violated the mandate rule by failing to conduct an evidentiary hearing on remand. "The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). "Unless otherwise specified, a remand order is presumed to be general." *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012) (citation omitted). "Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *Campbell*, 168 F.3d at 265.

According to Phillips, our remand required an evidentiary hearing because the parties jointly requested a remand for the district court to hold an evidentiary hearing. Although the parties agreed that we should remand for an evidentiary hearing, our order granting the parties' joint motions stated only that the case was remanded "for further proceedings." This general remand did not require an evidentiary hearing.

Phillips also argues on appeal that the district court violated the party-presentation rule because the parties repeatedly agreed that an evidentiary hearing was necessary. Under the principle of party presentation, courts "normally decide only questions presented by the parties."

*United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (citation omitted).  The district court addressed the issue presented by the parties—Phillips's ineffective-assistance claim based on Dwyer's failure to file a notice of appeal.  The district court's discretionary decision not to hold an evidentiary hearing on that issue, when one was not required, did not run afoul of the party-presentation rule.

Phillips does not raise any other arguments in support of his ineffective-assistance claim based on Dwyer's failure to file a notice of appeal.  In any event, the district court properly rejected that claim.  "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480.  The district court correctly determined that Phillips's guilty plea, below-guidelines sentence, and appeal waiver indicated that a rational defendant would not have wanted to appeal.  *See id*.  And, as addressed above, there was no evidence that Phillips reasonably demonstrated to Dwyer that he was interested in appealing.

For these reasons, we **AFFIRM** the district court's judgments denying Phillips's § 2255 motions.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk